IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JON CARL HERSHEY, | : | 3:12-cv-2265 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : : : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**February 11, 2014**

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Jon Carl Hershey's ("Plaintiff" or "Hershey") claim for disability benefits under Title II of the Social Security Act. The administrative record has been submitted and the issues have been briefed by the parties. (Docs. 7, 8, 9). Accordingly, this matter is ripe for our review. For the reasons that follow, we shall affirm the decision of the Commissioner.

I.   **STANDARD OF REVIEW**

When considering a social security appeal, we have plenary review of all legal issues decided by the Commissioner. *See Poulos v. Commissioner of Social Security,* 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Commissioner of Social*

*Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999); *Krysztoforski v. Chater,* 55 F.3d 857, 858 (3d Cir. 1995). However, our review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence." *Id.; Brown v. Bowen,* 845 F.2d 1211, 1213 (3d Cir. 1988); *Mason v. Shalala,* 994 F.2d 1058, 1064 (3d Cir. 1993). Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001)("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir. 1981)("Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence."); *Keefe v. Shalala,* 71 F.3d 1060, 1062 (2d Cir. 1995); *Mastro v. Apfel,* 270 F.3d 171, 176 (4th Cir. 2001); *Martin v. Sullivan,* 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)(quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)); *Johnson v. Commissioner of Social Security,* 529 F.3d 198, 200 (3d Cir. 2008);

*Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. *Brown,* 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620 (1966). Substantial evidence exists only "in relationship to all the other evidence in the record," *Cotter,* 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason,* 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Johnson,* 529 F.3d at 203; *Cotter,* 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir. 1981); *Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979).

## II.     DISCUSSION

**A.     Sequential Evaluation Process Used by the Commissioner**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

The Commissioner utilizes a five-step process in evaluating supplemental security income claims. *See* 20 C.F.R. § 416.920; *Poulos,* 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity,[1] (2) has an impairment that is severe or a

---

[1] If the claimant is engaging in substantial gainful activity, the claimant is not disabled and the sequential evaluation proceeds no further. Substantial gainful activity is work that "involves doing significant and productive physical or mental duties" and "is done (or intended) for pay or

combination of impairments that is severe,[2] (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment,[3] (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. *Id.*  As part of step four the administrative law judge must determine the claimant's residual functional capacity. *Id.*[4]

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.  *See* Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2,

---

profit." 20 C.F.R. § 416.910.

[2] The determination of whether a claimant has any severe impairments, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. § 416.920(c). If a claimant has no impairment or combination of impairments which significantly limits the claimant's physical or mental abilities to perform basic work activities, the claimant is "not disabled" and the evaluation process ends at step two. *Id.*  If a claimant has any severe impairments, the evaluation process continues.  20 C.F.R. § 416.920(d)-(g). Furthermore, all medically determinable impairments, severe and non-severe, are considered in the subsequent steps of the sequential evaluation process.  20 C.F.R. §§ 416.923 and 416.945(a)(2). An impairment significantly limits a claimant's physical or mental abilities when its effect on the claimant to perform basic work activities is more than slight or minimal. Basic work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl, and handle. 20 C.F.R. § 416.945(b).  An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. § 416.945(c).

[3]If the claimant has an impairment or combination of impairments that meets or equals a listed impairment, the claimant is disabled. If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step.

[4]If the claimant has the residual functional capacity to do his or her past relevant work, the claimant is not disabled.

1996). A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. The residual functional capacity assessment must include a discussion of the individual's abilities. *Id*; 20 C.F.R. § 416.945; *Hartranft,* 181 F.3d at 359 n.1 ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

### B. Plaintiff's Background and the ALJ's Decision

Plaintiff was born on June 18, 1956 and was 51 years old at the time of the alleged disability onset date, which is defined as an individual closely approaching advanced age. 20 C.F.R. § 404.1563. He has a high school education, and did not work past the disability onset date. Prior to his disability, Plaintiff was employed as a stable hand, machine mechanic, trailer mechanic, and carpenter.

Following a hearing, Administrative Law Judge ("ALJ") Jonathan Wesner determined that the Plaintiff was not disabled and therefore not entitled to disability benefits or disability insurance benefits. We shall summarize the ALJ's decision herein.

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since March 18, 2008, the alleged onset date of the Plaintiff's disability. (ALJ Wesner's Decision, dated June

22, 2010 (hereinafter "Wesner Decision"), p. 3). At step two of the evaluation process, ALJ Wesner concluded that Hershey has the following severe impairments: Rheumatoid arthritis; status post rotator cuff surgery, right shoulder; degenerative disc disease, lumbar spine; and obesity. (Wesner Decision, p. 3). At step three of the process, ALJ Wesner found that the Plaintiff's impairments did not or in combination meet or equal a listed impairment. (Wesner Decision, p. 4). At step four of the sequential process, ALJ Wesner determined that Hershey has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) on a full time basis. (Wesner Decision, p. 4). At step five, the ALJ found that, based on Hershey's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

Hershey contends that the ALJ erred at step three of the process, when he determined that Hershey's impairments do not meet any of the Listings.[5] We shall now turn to a review of the ALJ's findings in that regard pursuant to the

---

[5] Hershey also disputes the ALJ's use of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine whether Hershey can make a successful adjustment to other work. Hershey argues that because his condition satisfied the Listings, that the ALJ should not have continued to steps four and five and thereby used the Medical-Vocational Guidelines to determine that he was not disabled. However, because we agree with the ALJ that Hershey does not meet any of the Listings, we need not address this argument as made by Hershey, because it was necessarily appropriate for the ALJ to continue to steps four and five after finding Hershey did not meet the Listings at step three.

"substantial evidence" standard of review as set forth hereinabove.

### C. Analysis

In this appeal, the Plaintiff contends that the ALJ's determination that his impairment or combination of impairments did not meet one of the Listings was not supported by substantial evidence. Specifically, Plaintiff contends he satisfies Listings 1.02 (Major dysfunction of a joint), 104.C (Disorders of the spine), or 14.09A (Inflammatory arthritis). If, as noted above, at step three of the sequential evaluation process, the ALJ concludes that the claimant has an impairment or combination of impairments that meets or equals a listed impairment, then the claimant is deemed disabled and awarded benefits.

In determining that the Plaintiff did not meet any of these Listings, the ALJ noted "that the medical evidence does not contain the objective signs, symptoms, or findings or the degree of functional limitations necessary to meet or equal the severity of any subsection of the above mentioned listings." (Wesner Decision, p. 4). The ALJ notes that "no medical source of record has opined that the claimant's physical impairments either meet or equal a listed impairment." (Wesner Decision, p. 4).

Based on our review of the record evidence and the requirements of the subject Listings, we find that the ALJ's determination that Hershey's conditions

did not meet the Listings is supported by substantial evidence. It is particularly relevant that all of the identified Listings require an "inability to ambulate effectively"[6] as a requirement. As noted by the ALJ, and confirmed by our review of the medical records, "physical examinations by various sources have consistently revealed a normal gait . . . and full range of motion in the extremities." (Wesner Decision, p. 4). While it is true that Hershey utilizes a cane while walking, the use of this aid does not rise to the level of "inability to ambulate effectively" as defined by the regulations. Based on the foregoing, we find that substantial evidence supports the ALJ's determination that Plaintiff's impairments or combination of impairments do not meet or medically equal the Listings.

## III.  CONCLUSION

Our review of the administrative record reveals that the decision of the commissioner is supported by substantial evidence. We will, therefore, pursuant to 42 U.S.C. § 405(g) affirm the decision of the Commissioner.

An appropriate Order will be entered.

---

[6] The regulations define this term as "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 1.00B2b(1).